Stanley Goff, Esq., State Bar No. 289564
15 Boardman Place Suite 2
San Francisco, CA 94103
Telephone: (415) 571-9570
Email: scraiggoff@aol.com

Attorney for Plaintiff Sarah Doty

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARAH DOTY, | Case No.: |
| Plaintiff, | |
| vs. | PLAINTIFF'S COMPLAINT FOR DAMAGES FEDERAL CLAIMS: EXCESSIVE FORCE, UNLAWFUL DETAINMENT ILLEGAL SEARCH, FALSE ARREST [42 U.S.C. § 1983] |
| CITY OF SANTA CLARA; | |
| and DEFENDANT OFFICERS DOES 1 THROUGH 50 | |
| Defendants. | STATE CLAIMS: BATTERY, NEGLIGENCE, FALSE IMPRISONMENT |

**DEMAND FOR JURY TRIAL**

COMPLAINT FOR DAMAGES- 1

**JURISDICTION**

1.  Jurisdiction is based upon federal question jurisdiction pursuant to 28 U.S.C. § 1331. The court has supplemental jurisdiction over Plaintiff's pendent state law claims pursuant to 28 U.S.C. § 1367.

**PARTIES**

2.   Plaintiff Sarah Doty brings an action for above-mentioned federal and state causes of action.

3.   Defendant City of Santa Clara is a municipality in the State of California and owns, operates, manages, directs and controls the Santa Clara Police Department, which employs the Defendant Officers DOE.

4. Defendant Officers DOE were at all times relevant to this complaint employed as Santa Clara Police Officers and employees who engaged in the acts leading to the Plaintiff's injuries. Each Defendant Officer and employee is being sued in his/her individual capacity.

5. At all times relevant to this complaint, all Defendants acted under color of state law.

**II.**

**STATEMENT OF FACTS**

6. On June 18, 2013, the Plaintiff was going to City Hall located at 1500 Warburton Avenue in the City of Santa Clara and asked to speak to the City Manager. She was told that the City manager was not available. The Plaintiff then went to see Kevin Riley the Director of Planning and Inspection for the City of Santa Clara.

7. While the Plaintiff was waiting, she was approached by thee Santa Clara police officers (DOE Officers). One officer came up to the Plaintiff from the side to grab her. The

Plaintiff requested for this officer not to grab her arm because she was suffering from a neck injury.

8. The Plaintiff then requested that the officers allow her to leave City Hall on her own. At that moment, one of the officers grabbed the Plaintiff's left wrist and twisted it behind her back.

9. The Plaintiff asked if she was under arrest at that moment and none of the officers answered her. The officer restraining the Plaintiff began to twist her arm tighter causing immense pain in which the Plaintiff screamed that she was being hurt.

10. The Plaintiff informed the officers that she had two herniated disks and a crushed disk and requested to leave voluntarily. At that time one of the officers response was "yeah, yeah, I had that too."

11. At that time defendant officer DOE issued a marital arts type of strike to the Plaintiff's neck area where the Plaintiff was suffering from the two herniated disks and crushed disk. At that time the Plaintiff felt a pain shooting up into her spinal cord and she collapsed onto the floor.

12. The officers then yelled at the Plaintiff to get up and one of the officers looked as if he was going to kick her. The plaintiff informed the officers that she could not get up and requested for the officers to call a medical ambulance.

13. The officers continued to yell at the Plaintiff to get up and after several minutes they called for medical assistance. While the Plaintiff was waiting for the ambulance to arrive, she could see the officers ordering all of the people who were potential witnesses to leave the area.

COMPLAINT FOR DAMAGES- 3

14. The Plaintiff was subsequently placed onto a medical board with a collar to keep her neck and back stable. After the Plaintiff had been placed into the ambulance, defendant officer DOE hopped into the side of the ambulance behind her and instructed the paramedics that he was placing the Plaintiff under a 51/50 hold.

15. The Plaintiff was taken to Valley Medical Center for her injuries where a CT Scan, MRI and x-rays were performed. The results of the tests indicated that the Plaintiff suffered additional injuries as a result of the actions of these defendants.

16. Upon being released from Valley Medical Center about 12 hours later, the Plaintiff was involuntarily transferred by guard in a wheel chair to the County of Santa Clara Mental Health Department where she was restrained for over eight hours awaiting to be evaluated by a psychiatrist. Upon the evaluation, the psychiatrist immediately released the Plaintiff, deciding that the enforcement of the 72 hour hold was unnecessary.

17. The Plaintiff was subsequently referred to a specialist at the Kaiser Spinal Clinic in which she was informed that if the injury did not heal on its own with extensive therapy and drugs, she was going to need to undergo surgery. The Plaintiff was also referred to a physical therapist and given several prescriptions which had been determined to be unnecessary.

18. On December 31, 2013, in a separate incident involving the Santa Clara Police Department, the Plaintiff heard her neighbor engaging in a construction activities after the allowed constructions hours on a holiday evening.

19. The Plaintiff called the Santa Clara Police Department non-emergency number to have them investigate a noise complaint. When the defendant officers arrived, they detained the Plaintiff and informed her that she was under arrest for filing a false claim report.

COMPLAINT FOR DAMAGES- 4

20. During this detainment period, the Plaintiff requested to be allowed to speak to her attorney. The defendants denied this request.

21. The defendant officers entered into the Plaintiffs home, confiscated her cell phone and conducted a search of the contents of her cell phone without her consent or without a search warrant.

22. The City of Santa Clara's charge of filing a false report against the Plaintiff was subsequently dismissed by the City of Santa Clara's District Attorney's Office.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

Plaintiff timely filed an administrative claim pursuant to Cal. Government Code Section 910 with the City of Santa Clara regarding all the above-mentioned claims. The claims were rejected.

## FEDERAL CAUSE OF ACTION

### Plaintiff v. Defendant Officers  (Federal Constitutional Claims)

*June 18, 2013 Incident*

23. Defendant Officers DOE violated the Plaintiff's right under the Fourth Amendment to the Untied States Constitution to be free from the unlawful use of force when during the course of detaining the Plaintiff, they engaged in the act of twisting her arm behind her back and striking her while she was already restrained causing her to suffer serious injuries. Further, the Defendant Officers DOE violated the Plaintiff's rights under the Fourth Amendment to the United States Constitution to be free from unlawful detainment without probable cause when they detained her without probable cause and had her involuntarily committed for a psychiatric evaluation.

COMPLAINT FOR DAMAGES- 5

*December 31, 2013 Incident*

24. Defendant Officers DOE violated the Plaintiff's right under the Fourth Amendment to the Untied States Constitution to be free from false arrest when they engaged in the act of placing the Plaintiff under arrest for filing a false report without probable cause to support this charge.  Further, the defendant officers violated the Plaintiff's right under the Fourth Amendment to the Untied States Constitution to be free from illegal searches and seizures of her property when they conducted a search of the contents of her cell phone without her consent and without a search warrant.

**Plaintiff v. Defendant City of Santa Clara (Federal Constitutional Claims)**

25. Plaintiff alleges that each Officer Doe Defendant did not know what constitutes proper techniques regarding the dealing with members of the public when investigating a possible disturbance and to not engage in the use of excessive force and unlawful detainment of its American Citizens.  Further, the Defendant Officers did not know what constitutes proper techniques regarding the dealing of members of the public when placing citizens under arrest and conducting searches of the contents of the cell phones of its citizens.

26. Plaintiff alleges that each Officer DOE Defendant did not know what constitutes the proper use of force when detaining a citizen and that the each DOE Officer did not know what constitutes unlawful detainment without probable cause and they also did not know what constitutes proper techniques regarding the dealing of members of the public when placing citizens under arrest and conducting searches of the contents of the cell phones of its citizens. due to inadequate supervision and inadequate training by the City of Santa Clara.

COMPLAINT FOR DAMAGES- 6

27. Plaintiff alleges that the City of Santa Clara has an inadequate policy in place directing its law enforcement officers to know what level of force to use that would be reasonable under the circumstances and that the City of Santa Clara failed to train its law enforcement officers of the constitutional requirement to use only the degree of force necessary and reasonable to effect an arrest or detainment of a citizen.

28. Further, the City of Santa Clara has an inadequate policy in place directing its law enforcement officers to know what constitutes proper techniques regarding the dealing of members of the public when placing citizens under arrest and conducting searches of the contents of the cell phones of its citizens.

29. Plaintiff alleges that the City of Santa Clara has an inadequate policy in place directing its law enforcement officers to know what probable cause is necessary to warrant detaining a citizen and or committing a citizen for psychiatric evaluation. The City of Santa Clara failed to train or adequately train its law enforcement officers in the proper use of force and the adequate manner in which to detain a citizen.

30.  Plaintiff also alleges that this inadequate training and by the City of Santa Clara has exposed those who are in compliance with the law to deprivations of their Fourth Amendment rights  to be free from the unlawful use of force, unlawful detainment, illegal search and seizure and false arrest, and that the need for the City of Santa Clara to train its law enforcement officers in these constitutional limits has led to severe injuries which the Plaintiff has suffered and can be said to be "so obvious" that the failure to do so could be properly characterized as deliberate indifference to constitutional rights.

COMPLAINT FOR DAMAGES- 7

31. Further, Plaintiff alleges that the City of Santa Clara's inadequate training and or policies and procedures is so gross that it demonstrates the existence of an informal custom or policy of promoting, tolerating, and ratifying the use of excessive, unreasonable force of its citizens, the unlawful detainment of its citizens, false arrest and illegal searches.

32. The Plaintiff also alleges that the City of Santa Clara's omissions and systemic failures caused each officer DOE to believe that he/she had unfettered discretion to use excessive force on the Plaintiff's person and to engage in the unlawful detainment of an American Citizen and that this improper conduct would not be properly investigated, with the foreseeable result that each officer DOE would likely cause the deprivation of rights that occurred in this case.

## STATE CAUSES OF ACTION

### Plaintiff v. Defendant DOE Officers (State Battery Claim)

33. Based on the above-stated misconduct, Defendant Officers caused the Plaintiff to suffer a battery when they subjected the Plaintiff to having her arm violently twisted behind her back and being subsequently struck by one of the Defendant Officers causing her to suffer severe injuries, which constitutes an unwanted physical contact by the defendant officers on Plaintiff's person that was intentional without provocation, necessity or legal justification.

34. In doing the things herein alleged without provocation, necessity or legal justification, in a manner that was likely to, and did in fact, cause Plaintiff's harm, defendants, inclusive acted willfully, maliciously, intentionally, oppressively, and with reckless disregard for the possible

COMPLAINT FOR DAMAGES- 8

results of their conduct and accordingly, Plaintiff is entitled to punitive and exemplary damages for the sake of example and by way of punishing said Defendants.

### Plaintiff v. Defendant City of Santa Clara (State Battery Claim)

35. Because the individual Defendants were acting as agents, servants, and or employees of defendant City of Santa Clara, and because the individual DOE Defendants were acting within the scope and course of their employment, and under the direct control and supervision of defendant City of Santa Clara, Defendant City of Santa Clara is liable to Plaintiff pursuant to California Government Code §815.2.

### Plaintiff v. Defendant Officers (State Negligence Claim)

36. By virtue of the foregoing, Defendants owed Plaintiff a duty of due care not to cause the Plaintiff physical harm, or to cause her to be confined without her consent to a psychiatric center for evaluation without probable cause, and that duty was breached by the Defendants negligence and failure to exercise due care in handling the Plaintiff.

37. As a direct and proximate cause of the aforementioned acts of Defendants, Plaintiff was injured as set forth above and is entitled to compensatory damages according to proof at the time of trial.

### Plaintiff v. Defendant City of Santa Clara (State Negligence Claim)

38. Because the individual Defendants were acting as agents, servants, and or employees of Defendant City of Santa Clara, and because the individual DOE Defendants were acting within the scope and course of their employment, and under the direct control and supervision of Defendant City of Santa Clara, Defendant City of Santa Clara is liable to Plaintiff pursuant to California Government Code §815.2.

COMPLAINT FOR DAMAGES- 9

**Plaintiff v. Defendant Officers  (State False Imprisonment Claim)**

39. Defendants illegally caused the Plaintiff to be restrained and confined within a bounded area without her consent by having her involuntarily committed to a mental hospital without having any reasonable or probable cause to believe that the Plaintiff should have been committed against her will to said mental institution.

40. Further, defendants illegally caused the Plaintiff to be restrained and confined within a bounded area without her consent by placing her under arrest for filing a false report without probable cause.

41. By Defendants causing the Plaintiff to be falsely imprisoned without provocation, necessity or legal justification, in a manner that was likely to, and did in fact, cause Plaintiff's harm.

**Plaintiff v. Defendant City of Santa Clara (State False Imprisonment Claim)**

42. Because the individual Defendants were acting as agents, servants, and or employees of Defendant City of Santa Clara, and because the individual DOE Defendants were acting within the scope and course of their employment, and under the direct control and supervision of Defendant City of Santa Clara, Defendant City of Santa Clara is liable to Plaintiff pursuant to California Government Code §815.2.

**Plaintiff v. Defendant Officers  (State Constitutional Claim for Illegal Searches)**

43. Defendant Officers DOE violated the Plaintiff's right under the California Constitution Article I Section 13, to be free from illegal searches and seizures of her property when they conducted a search of the contents of her cell phone without her consent and without a search warrant.


**Plaintiff v. Defendant City of Santa Clara (State Constitution Claim for Illegal Searches)**

44. Because the individual defendants were acting as agents, servants, and or employees of Defendant City of Santa Clara, and because the individual DOE Defendants were acting within the scope and course of their employment, and under the direct control and supervision of Defendant City of Santa Clara, defendant City of Santa Clara is liable to Plaintiff pursuant to California Government Code §815.2.

**WHEREFORE**, PLAINTIFF prays for judgment against DEFENDANTS as follows:

1.   Compensatory damages as to all defendants;

2.   For punitive damages according to proof as to each defendant officer;

3.   Reasonable attorneys' fees and costs;

4.   For such other and further relief as the court deems just and proper

Plaintiff hereby demands a jury trial.

Dated: August 17, 2014.


_____   /s/
                                  Stanley Goff Esq.,
                                  Attorney for Plaintiff Sarah Doty