United States District Court
Northern District of California

1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

8
9
10

SARAH DOTY,

           Plaintiff,

    v.

CITY OF SANTA CLARA and
DEFENDANT OFFICERS DOES 1
THROUGH 50,

           Defendants.

Case No. 14-CV-03739-LHK

**ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY
JUDGMENT, DENYING PLAINTIFF'S
MOTION TO WITHDRAW, AND
DENYING PLAINTIFF'S REQUEST
FOR LEAVE TO AMEND**

Re: Dkt. Nos. 32, 45

11
12
13
14
15
16

17       Plaintiff Sarah Doty ("Plaintiff" or "Doty") brings this action against Defendant City of

18  Santa Clara ("Defendant" or "City") and Defendant Officers Does 1 through 50.  Before the Court

19  are Defendant City of Santa Clara's motion for summary judgment and Plaintiff's motion to

20  withdraw admissions.  ECF No. 32 ("MSJ"); ECF No. 45 ("Mot. to Withdraw Admissions").

21  Plaintiff's opposition to Defendant's motion for summary judgment included a request for leave to

22  amend Plaintiff's complaint.  Pursuant to Civil Local Rule 7-1(b), the Court finds these motions

23  appropriate for resolution without oral argument and VACATES the hearing and case

24  management conference set for December 17, 2015.  Having considered the parties' submissions,

25  the relevant law, and the record in this case, the Court GRANTS Defendant's motion for summary

26  judgment, DENIES Plaintiff's motion to withdraw admissions, and DENIES Plaintiff's request for

27

28

1

Case No. 14-CV-03739-LHK
ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, DENYING PLAINTIFF'S
MOTION TO WITHDRAW, AND DENYING PLAINTIFF'S REQUEST FOR LEAVE TO AMEND

1   leave to amend the complaint.

2   **I.      BACKGROUND**

3        **A.  Factual Background**

4             **1.  June 18, 2013 Incident**

5        The instant action arises out of two incidents involving Doty and police officers employed

6   by the City.  The first incident occurred on June 18, 2013, when Doty went to City Hall in order to

7   speak to the City Manager.  *See* ECF No. 1 ("Compl.") ¶ 6.  Prior to this incident, Doty had filed

8   several complaints with the Santa Clara City Police Department regarding construction noise from

9   a neighbor's residence.  ECF No. 32-14 ("Green Police Report") at 3.  On June 17, 2013, the

10  neighbor in question met with City officials and "drew attention to a matter of what he felt to be

11  unfair and unequal treatment."  *Id.*  Specifically, the neighbor "identified a number of [property]

12  violations that existed in Doty's yard and to her residence," which "included an overgrowth of dry

13  weeds in her yard."  *Id.*

14       Following this meeting, City police officers issued a citation to Doty for having weeds in

15  her yard.  *Id.*  This citation required Doty to address the problem within the next 48 hours or face a

16  $250 fine.  *Id.*  After receiving the citation, Doty called the City Police Department to express her

17  view that "the action was retalitory [sic] by the City" and to demand that "the warning/citation be

18  lifted."  *Id.*  According to Santa Clara City Police Officer Tyson Green, Doty grew angrier over

19  the course of the call, which culminated with Doty stating that she would be confronting the City

20  Manager and that "[y]ou might want to drive to the City Manager's Office or call the cops.

21  You're going to have to peel me off of Julio (City Manager).  I'm bringing five of my neighbor's

22  with me."  *Id.*  After the call ended, Officer Green alerted the City Manager's Office that Doty

23  would be on her way.

24       Doty eventually arrived at City Hall, entered the City Manager's Office, and demanded to

25  see the City Manager.  ECF No. 35 ("Kadam Decl.") at 1.  Doty was visibly angry and "proceeded

26  to an area restricted from public access and began banging on the City Manager's locked office

27                                                      2
    Case No. 14-CV-03739-LHK
28  ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, DENYING PLAINTIFF'S
    MOTION TO WITHDRAW, AND DENYING PLAINTIFF'S REQUEST FOR LEAVE TO AMEND

*(left margin, vertical text)* United States District Court / Northern District of California

1    door and yelling." *Id.* at 2.  After learning that the City Manager would not be able to meet with

2    her, Doty attempted to find Kevin Riley, the Director of Planning and Inspection for the City.

3          Santa Clara City Police Officer Mike Serna encountered Doty at this time, and observed

4    that Doty was "pale, visibly shaking, clenching her fists, and grinding her teeth."  ECF No. 32-14

5    ("Serna Police Report") at 2.  Although Officer Serna attempted to calm Doty down, Doty

6    continued to appear threatening and continued to insist that she be allowed to see Director Riley.

7    *Id.*  At some point, another City police officer arrived on the scene, and informed Officer Serna

8    that Doty "had no scheduled business" at City Hall and that she should be removed from the

9    building.  *Id.*  After Doty refused to leave voluntarily, Officer Serna placed his left hand on Doty's

10   right shoulder and placed two fingers from his right hand on Doty's wrist.  At this point, Doty

11   began to "swing a set of exposed keys with her left arm/hand."  ECF No. 32-14 ("Lee Police

12   Report") at 2.  Santa Clara City Police Officer Brian Lee, out of concern that Doty would use the

13   keys as "an impact or stabbing weapon," proceeded to "guide[] Doty's left arm behind her back to

14   remove the keys."  *Id.*  Officer Lee "then pulled the keys from [Doty's] grasp."  *Id.*  In response to

15   these actions, Doty screamed, and stated that Officers Serna and Lee were "twisting her arm and

16   hurting her."  *Id.*  After Officer Serna released his fingers from Doty, Doty fell to the ground and

17   "yelled that [the police] had beaten her."  *Id.*  Doty insisted that paramedics arrive to treat her

18   injuries.  Officer Green placed Doty on a temporary hold pursuant to Cal. Welf. & Inst. Code §

19   5150.[1]  Doty was eventually transported to Santa Clara Valley Medical Center, where she was

20   medically cleared, and then transferred to the Santa Clara County Mental Health Department,

21

---

22   [1] Cal. Welf. & Inst. Code § 5150(a) provides that "[w]hen a person, as a result of a mental health
     disorder, is a danger to others, or to himself or herself, or gravely disabled, a peace officer,
23   professional person in charge of a facility designated by the county for evaluation and treatment,
     member of the attending staff, as defined by regulation, of a facility designated by the county for
24   evaluation and treatment, designated members of a mobile crisis team, or professional person
     designated by the county may, upon probable cause, take, or cause to be taken, the person into
25   custody for a period of up to 72 hours for assessment, evaluation, and crisis intervention, or
     placement for evaluation and treatment in a facility designated by the county for evaluation and
26   treatment and approved by the State Department of Health Care Services."  Cal. Welf. & Inst.
     Code § 5150(a).

27                                                          3
     Case No. 14-CV-03739-LHK
28   ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, DENYING PLAINTIFF'S
     MOTION TO WITHDRAW, AND DENYING PLAINTIFF'S REQUEST FOR LEAVE TO AMEND

*United States District Court*
*Northern District of California*

1    which released her after a psychiatric evaluation.  Compl. ¶ 16.

2        **2.  December 31, 2013 Incident**

3        The second incident at issue occurred on December 31, 2013.  *Id*. ¶ 18.  Doty alleges that

4    she "heard her neighbor engaging in a [sic] construction activities after the allowed constructions

5    [sic] hours."  *Id.*  Doty proceeded to call the Santa Clara City Police Department to request that

6    officers investigate a noise complaint.  *Id.* ¶ 19.  Unbeknownst to Doty, Santa Clara City Police

7    Officer Richard Fitting was standing outside of Doty's residence during the call and observed that

8    no construction was taking place.  ECF No. 32-14 ("Fitting Police Report") at 6.  Officer Fitting

9    and two other City police officers thereafter went to Doty's residence, and informed Doty that she

10   would receive a misdemeanor citation for making false statements to a police officer.  The officers

11   "attempted to explain that [Doty] needed to sign the promise to appear" on the citation.  *Id.* at 7.

12   Doty initially refused to sign the citation, and requested that she be allowed to contact her attorney

13   and that the officers leave her home.  *Id.*  With Doty's consent, the officers attempted to contact

14   Doty's attorney using Doty's cell phone.  These attempts were unfruitful.  Doty ultimately agreed

15   to sign the citation, and the officers left Doty's residence.

16       **B.  Procedural History**

17       Doty was represented by counsel from the beginning of this action until December 13,

18   2015.  On December 13, 2015, Doty's counsel filed a notice of withdrawal and informed the Court

19   that Doty would now be proceeding *pro se*.  ECF No. 50.  Doty has not yet filed any documents

20   *pro se*.  All of Doty's filings discussed in this Order were filed by counsel.

21       On August 18, 2014, Doty filed suit against the City and Defendant Officers Does 1

22   through 50.  Doty's complaint contained four federal law claims, filed pursuant to 42 U.S.C. §

23   1983: excessive force, unlawful detainment, illegal search, and false arrest.  Compl. ¶¶ 23–32.

24   Doty's complaint also asserted state law claims for battery, negligence, unlawful search and

25   seizure, and false imprisonment.  *Id.* ¶¶ 33–44.

26       On April 3, 2015, the City served on Doty a Request for Admissions, a Request for

27                                          4

Case No. 14-CV-03739-LHK

28   ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, DENYING PLAINTIFF'S
     MOTION TO WITHDRAW, AND DENYING PLAINTIFF'S REQUEST FOR LEAVE TO AMEND

United States District Court
Northern District of California

1    Production of Documents, and a set of Interrogatories.  Doty did not respond to these requests.  At

2    the June 10, 2015 case management conference, the Court "ordered that Defendant's requests for

3    admission [be] deemed admitted, pursuant to Federal Rule of Civil Procedure 36(a)(3)."  ECF No.

4    22 at 1.  In addition, the Court "issued an Order to Show Cause why this case should not be

5    dismissed with prejudice for failure to prosecute."  *Id.*  Pursuant to this Order, Doty provided

6    written responses to the City's Interrogatories and Requests for Production.  Doty, however, did

7    not produce any actual documents.  On June 22, 2015, the Court issued another Order, where the

8    Court noted its "disappoint[ment] that Plaintiff [had] failed to produce [any] documents."  ECF

9    No. 24 at 2.  Nonetheless, because Doty stated that she had been "unable to locate [the] responsive

10   documents" after a "diligent search," the Court determined that it could not order "Plaintiff to

11   produce documents that [] Plaintiff does not possess."  *Id.*  Accordingly, the Court advised Doty to

12   take further "prompt and reasonable steps to obtain [any] requested documents" and noted that

13   Doty would be "precluded from relying on any evidence responsive to Defendant's discovery

14   requests that [Doty did] not timely produce during discovery."  *Id.*

15          In the parties' September 9, 2015 joint case management statement, Doty's counsel stated

16   that he intended to file a "motion to withdraw all admissions made due to Plaintiff's untimely

17   response to defendants requests for admission pursuant to Rule 36(b) within the next two weeks."

18   ECF No. 29 at 5.  However, at the September 16, 2015 case management conference, Doty's

19   counsel informed the Court that a motion to withdraw would not be filed.  ECF No. 30.

20          On November 5, 2015, the City moved for summary judgment.  On November 19, 2015,

21   Doty filed an opposition, which included a request that Doty be given leave to amend her

22   complaint and a supporting declaration from Doty.  ECF No. 42 ("MSJ Opp'n"); ECF No. 44

23   ("Doty Decl.").  The City filed a reply on November 25, 2015.  ECF No. 46 ("MSJ Reply").

24          On November 19, 2015, Doty filed a motion to withdraw admissions.  The City filed an

25   opposition on December 3, 2015.  ECF No. 47.  Doty did not file a reply.

26   **II.     LEGAL STANDARD**

27

Case No. 14-CV-03739-LHK
28   ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, DENYING PLAINTIFF'S
     MOTION TO WITHDRAW, AND DENYING PLAINTIFF'S REQUEST FOR LEAVE TO AMEND

*(left margin, rotated)* United States District Court / Northern District of California

United States District Court
Northern District of California

### A. Request for Admissions

Under Rule 36(a) of the Federal Rules of Civil Procedure, "[a] party may serve on any other party a written request to admit [in an action] . . . facts, the application of law to fact, or opinions about either." Fed R. Civ. P. 36(a)(1). "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3). Under Rule 36(b), "[a] matter admitted [under Rule 36(a)]. . . is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b). "[T]he court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." *Id.* "Rule 36(b) is permissive, not mandatory, with respect to the withdrawal of admissions." *Conlon v. United States*, 474 F.3d 616, 621 (9th Cir. 2007).

### B. Summary Judgment

Summary judgment is appropriate if, viewing the evidence and drawing all reasonable inferences in the light most favorable to the nonmoving party, there are no genuine issues of material fact, and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 321 (1986). At the summary judgment stage, the Court "does not assess credibility or weigh the evidence, but simply determines whether there is a genuine factual issue for trial." *House v. Bell*, 547 U.S. 518, 559–60 (2006). A fact is "material" if it "might affect the outcome of the suit under the governing law," and a dispute as to a material fact is "genuine" if there is sufficient evidence for a reasonable trier of fact to decide in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* (citations omitted).

The moving party bears the initial burden of identifying those portions of the pleadings,

6

Case No. 14-CV-03739-LHK
ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, DENYING PLAINTIFF'S
MOTION TO WITHDRAW, AND DENYING PLAINTIFF'S REQUEST FOR LEAVE TO AMEND

United States District Court
Northern District of California

1   discovery, and affidavits that demonstrate the absence of a genuine issue of material fact.  *Celotex*

2   *Corp.*, 477 U.S. at 323.  Where the party opposing summary judgment will have the burden of

3   proof at trial, the party moving for summary judgment need only point out "that there is an

4   absence of evidence to support the nonmoving party's case." *Id.* at 325; *accord Soremekun v.*

5   *Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007).  If the moving party meets its initial

6   burden, the nonmoving party must set forth, by affidavit or as otherwise provided in Rule 56,

7   "specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250.

8   ### C. Leave to Amend

9   Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely

10  granted when justice so requires," bearing in mind "the underlying purpose of Rule 15 to facilitate

11  decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d

12  1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks and alterations omitted).

13  Generally, leave to amend shall be denied if allowing amendment would unduly prejudice the

14  opposing party, cause undue delay, or be futile, or if the moving party has acted in bad faith.

15  *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

16  ### III.    DISCUSSION

17  ### A. Motion to Withdraw

18  On April 3, 2015, Defendant served on Doty twenty six requests for admission.  *See* ECF

19  No. 32-15 ("Doty Admissions") at 2–4.  These requests included asking Doty to "[a]dmit that City

20  of Santa Clara Police officers did not injure you during the City Hall incident," "[a]dmit that you

21  exhibited hostile behavior toward employees of the City of Santa Clara at the time of the City Hall

22  incident," "[a]dmit that you did not hear your neighbor perform any construction activity around

23  7:00 p.m. on December 31, 2013," and "[a]dmit that you gave police officers consent to review

24  your phone on December 31, 2013." *Id.*  Doty did not respond to these requests for admission.

25  On June 10, 2015, the Court ordered that all requests for admission be deemed admitted.  At the

26  September 16, 2015 case management conference, Doty's counsel stated that Doty would not file

27                                                              7

Case No. 14-CV-03739-LHK

28  ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, DENYING PLAINTIFF'S
MOTION TO WITHDRAW, AND DENYING PLAINTIFF'S REQUEST FOR LEAVE TO AMEND

1    a motion to withdraw Doty's admissions.  Doty's counsel nonetheless proceeded to file a motion

2    to withdraw on November 19, 2015.

3         In this motion, Doty contends that, pursuant to Federal Rule of Civil Procedure 36(b),

4    "withdrawal of the admissions would . . . facilitate a presentation of the merits of Plaintiff's case,"

5    and that withdrawal would not prejudice Defendant's case.  Mot. to Withdraw Admissions at 3, 5;

6    *see also* Fed. R. Civ. P. 36(b) ("[T]he court may permit withdrawal or amendment [of an

7    admission] if it would promote the presentation of the merits of the action and if the court is not

8    persuaded that it would prejudice the requesting party in maintaining or defending the action on

9    the merits.").

10        These arguments are not well taken.  First, Doty has not shown how withdrawal would

11   promote presentation of the merits of this action.  Nearly all of Doty's admissions are corroborated

12   by various declarations, statements, and exhibits that Defendant filed in support of Defendant's

13   motion for summary judgment.  In contrast, Doty has produced no documents in response to

14   Defendant's requests for production and has "issued no subpoenas, propounded no written

15   discovery, and taken no depositions in her prosecution of this case."  ECF No. 32-15 at 2.  Indeed,

16   in opposing Defendant's motion for summary judgment, Doty relies exclusively upon a self-

17   serving declaration.  Much of Doty's declaration simply reiterates allegations asserted in the

18   complaint.  *Compare* Doty Decl. ¶¶ 3–5 ("[W]hile I was waiting, I was approached by thee [sic]

19   Santa Clara police officers (DOE Officers) . . . one officer came up to me from the front to grab

20   me . . . I requested for this officer not to grab my arm because I was suffering from a serious neck

21   injury."), *with* Compl. ¶ 7 ("While the Plaintiff was waiting, she was approached by thee [sic]

22   Santa Clara police officers (DOE Officers).  One officer came up to the Plaintiff from the side to

23   grab her.  The Plaintiff requested for this officer not to grab her arm because she was suffering

24   from a neck injury.").  Because Doty's admissions are consistent with the other evidence that

25   Defendant has produced and because Doty has apparently conducted no discovery, Doty has not

26   demonstrated how withdrawal of her admissions would promote presentation of the merits of this

27                                                                 8
     Case No. 14-CV-03739-LHK
28   ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, DENYING PLAINTIFF'S
     MOTION TO WITHDRAW, AND DENYING PLAINTIFF'S REQUEST FOR LEAVE TO AMEND

United States District Court
Northern District of California

1    action.

2         Second, allowing withdrawal would result in significant prejudice to Defendant.  Doty did

3    not file a motion to withdraw until November 19, 2015—more than five months after her

4    admissions were deemed admitted, more than two months after her counsel stated that a motion to

5    withdraw would not be filed, and more than a month after the close of discovery.  Doty has

6    provided the Court with no explanation as to why it took her so long to file a motion to withdraw.

7    As Defendant points out, Defendant has relied upon Doty's admissions to structure Defendant's

8    discovery plan, to plan for a settlement conference, and to prepare this case for trial.  *See, e.g.*,

9    ECF No. 47 at 6–7.  Defendant, for instance, "forwent retaining a medical expert and demanding

10   an independent medical exam of Plaintiff" because Doty admitted that she had suffered no injuries

11   from either the June 18, 2013 incident or the December 31, 2013 incident.  *Id.* at 7.  Under these

12   circumstances, Defendant would be significantly prejudiced if Doty's motion to withdraw were

13   granted.  *See, e.g.*, *Conlon*, 474 F.3d at 624 (finding prejudice because "government relied on the

14   admissions for a total of two and a half months, through the discovery and dispositive motion cut-

15   off dates, with no indication that Conlon intended to file a motion to withdraw his admissions.").

16        As a final point, Doty has objected to Defendant's reliance on Admission 5 and 6 from

17   Defendant's request for admissions.  ECF No. 43.  Admission 5 states "[a]dmit that you were not

18   physically injured during the City Hall incident," and Admission 6 states, "[a]dmit that City of

19   Santa Clara Police officers did not use excessive force against you during the City Hall incident."

20   Doty Admissions at 3.  Doty contends that these admissions are legal conclusions that are

21   inadmissible under Rule 701 of the Federal Rules of Evidence.  This objection lacks merit.

22   Federal Rule of Civil Procedure 36(a)(1)(A) provides that a party may "admit . . . the truth of *any*

23   matters within the scope of Rule 26(b)(1) relating to . . . facts, the application of law to fact, or

24   opinions about either."  Fed. R. Civ. P. 36(a)(1)(A) (emphasis added).  Federal Rule of Civil

25   Procedure 26(b)(1) allows parties to "obtain discovery regarding *any* nonprivileged matter that is

26   relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b)(1).  Read together, nothing in Rule

27                                                          9
     Case No. 14-CV-03739-LHK
28   ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, DENYING PLAINTIFF'S
     MOTION TO WITHDRAW, AND DENYING PLAINTIFF'S REQUEST FOR LEAVE TO AMEND

United States District Court
Northern District of California

1    36(a)(1)(A) or Rule 26(b)(1) prevents the Court from considering Admissions 5 and 6 in deciding

2    the instant motion for summary judgment, and Doty has cited no authority in support of her

3    argument.  The Court thus finds that Doty's objections are not well taken.

4        To summarize, because Doty has not shown how withdrawal would promote presentation

5    of the merits in this action and because withdrawal would result in significant prejudice to

6    Defendant, the Court DENIES Doty's motion to withdraw.  Moreover, "[a] matter admitted under

7    Rule 36 of the Federal Rules of Civil Procedure is 'conclusively established' unless the court

8    permits it to be withdrawn by motion."  *Hologic, Inc. v. SenoRx, Inc.*, 2009 WL 8760730, *6

9    (N.D. Cal. Oct. 30, 2009).  "Such a matter 'cannot be overcome at the summary judgment stage by

10   contradictory affidavit testimony or other evidence in the summary judgment record.'"  *Id.*

11   (quoting *In re Carney*, 258 F.3d 415, 420 (5th Cir. 2001)).  Thus, to the extent that Doty's

12   admissions conflict with statements from Doty's declaration or with allegations in Doty's

13   complaint, Doty's admissions govern.

14      **B. Motion for Summary Judgment**

15       Doty's claims arise from two incidents.  One occurred on June 18, 2013.  The other

16   occurred on December 31, 2013.  The Court will first address all of Doty's claims as to the June

17   18, 2013 incident.  The Court will then address all of Doty's claims as to the December 31, 2013

18   incident.

19          **1. June 18, 2013 Incident**

20       With respect to the June 18, 2013 incident, Doty alleges that Santa Clara City police

21   officers violated her Fourth Amendment rights by using excessive force against her and by

22   unlawfully detaining her without probable cause.  Compl. ¶ 23.  Doty also asserts corresponding

23   claims for *Monell* liability against the City.  *Id.* ¶¶ 25–32.  Finally, Doty asserts state law causes of

24   action for battery, negligence, and false imprisonment.  *Id.* ¶¶ 33–42.  The Court addresses these

25   claims in turn.

26              **a. Excessive Force (§ 1983)**

27                                               10
     Case No. 14-CV-03739-LHK

28   ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, DENYING PLAINTIFF'S
     MOTION TO WITHDRAW, AND DENYING PLAINTIFF'S REQUEST FOR LEAVE TO AMEND

United States District Court
Northern District of California

1          In order to determine whether Santa Clara City police officers used excessive force against

2   Doty, the Court must "first consider[] the nature and quality of the alleged intrusion." *Mattos v.*

3   *Agarano*, 661 F.3d 433, 441 (9th Cir. 2011).  The Court must "then consider the governmental

4   interests at stake by looking at (1) how severe the crime at issue is, (2) whether the suspect posed

5   an immediate threat to the safety of the officers or others, and (3) whether the suspect was actively

6   resisting arrest or attempting to evade arrest by flight." *Id.*  These factors are not exclusive; the

7   Court must "examine the totality of the circumstances and consider whatever specific factors may

8   be appropriate in a particular case." *Id.* (internal quotation marks omitted).

9          In the instant case, the nature and quality of the alleged intrusion weigh against a finding of

10   excessive force.  Santa Clara City Police Officer Mike Serna, who attempted to remove Doty from

11   City Hall, reported that he placed his "left hand on [Doty's] right shoulder" and placed his "right

12   thumb and right middle finger around [Doty's] right wrist with little to no pressure."  Serna Police

13   Report at 2.  Serna's report is corroborated by declarations from several witnesses.  Jim Hersom,

14   an individual who was at City Hall on June 18, 2013 for other business, witnessed the incident at

15   issue.  Hersom stated that "Officer Serna place[d] his right thumb and middle finger lightly around

16   Doty's right wrist.  He placed his left hand on her upper right arm. . . .  [T]here was no force

17   used."  ECF No. 32-13 at 4 (statement of Hersom from June 18, 2013 police report); ECF No. 32-

18   13 at 1 (October 12, 2015 declaration from Hersom reviewing police report and affirming that

19   report "is a true and correct account of what I personally witnessed during the incident").

20   Likewise, Santa Clara City Police Officer Brian Lee removed Doty's keys from her hand out of

21   concern that Doty, who was swinging the keys around, might use these keys as a weapon.  Finally,

22   Doty has admitted that Santa Clara City police officers did not injure her during the June 18, 2013

23   incident.  Doty Admissions at 3.  Although Doty was treated at Santa Clara Valley Medical Center

24   "due to her subjective complaints of pain," she was medically cleared to leave after a series of

25   medical examinations, including x-rays and an MRI.  MSJ at 5.

26          The remaining factors—the severity of the crime at issue, the threat of the suspect to the

*United States District Court*
*Northern District of California*

27                   11

Case No. 14-CV-03739-LHK

28   ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, DENYING PLAINTIFF'S
MOTION TO WITHDRAW, AND DENYING PLAINTIFF'S REQUEST FOR LEAVE TO AMEND

1    safety of others, and whether the suspect was actively resisting arrest—likewise weigh against a

2    finding of excessive force.  As noted above, Doty stated that she would "peel off" the City

3    Manager, "exhibited hostile behavior toward employees of the City," and refused to leave City

4    Hall voluntarily.  *Id.* at 3–4.  These facts demonstrate that Doty's behavior could have been

5    perceived as a threat to the safety of others.  Doty's refusal to comply with repeated verbal

6    requests also lends support to Officer Serna's decision to place his fingers on Doty's wrist.  Under

7    these circumstances, the Court finds that the City police officers acted reasonably in their attempts

8    to remove Doty from City Hall.  Defendant's motion for summary judgment on Doty's excessive

9    force claim is granted.

10                          **b.  Unlawful Detention (§ 1983)**

11          After Doty was removed from City Hall, Santa Clara City police officers placed Doty on a

12   psychiatric hold pursuant to Cal. Welf. & Inst. Code § 5150 ("Section 5150" or "§ 5150").  Doty

13   alleges that the decision to place her on such a hold violated her Fourth Amendment right "to be

14   free from unlawful detainment without probable cause."  Compl. ¶ 23.

15          "Under section 5150, an officer may detain any person the officer determines, 'as a result

16   of mental disorder, is a danger to others, or to himself or herself, or [is] gravely disabled.'"  *Bias v.*

17   *Moynihan*, 508 F.3d 1212, 1220 (9th Cir. 2007) (quoting Cal. Welf. & Inst. Code § 5150).  "If

18   such a determination is . . . made, the officer may place the person at a county-designated facility

19   for" up to 72 hours for treatment and evaluation.  *Id.*  Critically, "[t]he officer's determination

20   must be based on probable cause."  *Id.*  Doty's claim thus rises and falls based on whether City

21   police officers had probable cause to place her on a § 5150 hold.  If the City police officers acted

22   with probable cause, then Doty was properly held pursuant to § 5150, and Doty's claim that she

23   was unlawfully detained without probable cause must necessarily fail.

24          In order to establish probable cause under § 5150, "a state of facts must be known to the

25   peace officer (or other authorized person) that would lead a person of ordinary care and prudence

26   to believe, or to entertain a strong suspicion, that the person detained is mentally disordered and is

27                                                              12
     Case No. 14-CV-03739-LHK
28   ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, DENYING PLAINTIFF'S
     MOTION TO WITHDRAW, AND DENYING PLAINTIFF'S REQUEST FOR LEAVE TO AMEND

United States District Court
Northern District of California

1     a danger to himself or herself or is gravely disabled." *People v. Triplett*, 192 Cal. Rptr. 537, 540–

2     41 (Cal. Ct. App. 1983). "In justifying the particular intrusion, the officer must be able to point to

3     specific and articulable facts which, taken together with rational inferences from those facts,

4     reasonably warrant his or her belief or suspicion." *Id.* Here, Santa Clara City Police Officer

5     Tyson Green decided to "place[] Ms. Doty on a temporary hold pursuant to California Welfare &

6     Institutions Code section 5150 based on her statement on the phone that [an officer] would have to

7     'peel [her] off' the City Manager, her apparent uncontrolled anger, her persistence in locating the

8     City Manager, and interviews with witnesses that saw her aggressive, threatening and bizarre

9     behavior." ECF No. 34 ("Green Decl.") at 1–2. Taken together, the Court finds that these

10    circumstances constitute "specific and articulable facts" that would lead a reasonable person "to

11    believe, or to entertain a strong suspicion, that the person detained is mentally disordered and is a

12    danger to himself or herself or is gravely disabled." *Triplett*, 192 Cal. Rptr. at 540–41.

13    Case law supports the Court's finding. In *Bias v. Moynihan*, the plaintiff also asserted that

14    she had been placed on a § 5150 hold without probable cause. 508 F.3d at 1221. The Ninth

15    Circuit disagreed, and pointed to the fact that the plaintiff had exhibited paranoia about her

16    neighbors on the date of the incident and had become combative during an interaction with police.

17    *Id.* In addition, police observed that "Bias's thoughts were disconnected and [that] she was visibly

18    angry and appeared agitated." *Id.* "Based on these observations and circumstances, it was not

19    unreasonable for [officers] to conclude on May 14, 2003, that Ms. Bias might be a threat to herself

20    or to others due to a mental disorder." *Id.* Likewise, in the instant case, Doty informed Santa

21    Clara City police that someone would have to "peel [her] off" the City Manager. Green Decl. at 1.

22    Doty also displayed increasingly "aggressive, threatening and bizarre behavior" while at City Hall.

23    *Id.* at 1–2. Doty repeatedly ignored requests that she leave voluntarily. Thus, as in *Bias*, Doty's

24    behavior was sufficient to warrant a finding of probable cause under § 5150. The Court therefore

25    grants Defendant's motion for summary judgment on Doty's unlawful detention claim.

26             **c. *Monell* Liability (§ 1983)**

27                                                    13

Case No. 14-CV-03739-LHK

28    ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, DENYING PLAINTIFF'S
MOTION TO WITHDRAW, AND DENYING PLAINTIFF'S REQUEST FOR LEAVE TO AMEND

United States District Court
Northern District of California

1        The Court also finds unavailing Doty's corresponding claims for *Monell* liability against

2    the City. *See, e.g.*, Compl. ¶ 29 ("Plaintiff alleges that the City of Santa Clara has an inadequate

3    policy in place directing its law enforcement officers to know what probable cause is necessary to

4    warrant detaining a citizen and or committing a citizen for psychiatric evaluation."). As the U.S.

5    Supreme Court explained in *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986), "[i]f a person

6    has suffered no constitutional injury at the hands of the individual police officer, the fact that the

7    departmental regulations might have *authorized* the use of constitutionally excessive force is quite

8    beside the point." *See also Yousefian v. City of Glendale*, 779 F.3d 1010, 1016 (9th Cir. 2015)

9    ("[M]unicipalities cannot be held liable when the individual police officer has inflicted no

10   constitutional injury."). Because the individual City police officers did not violate Doty's Fourth

11   Amendment rights during the June 18, 2013 incident, Doty's *Monell* claims cannot survive

12   summary judgment.

### d. Battery (State Law)[2]

14        Next, Doty alleges that the Santa Clara City police officers who handled the June 18, 2013

15   incident are liable for battery. Compl. ¶ 33. Under California law, "[a] state law battery claim is a

16   counterpart to a federal claim of excessive use of force. In both, a plaintiff must prove that the

17   peace officer's use of force was unreasonable." *Brown v. Ransweiler*, 89 Cal. Rptr. 3d 801, 811

18   (Cal. Ct. App. 2009); *see also Avina v. United States*, 681 F.3d 1127, 1131 (9th Cir. 2012) ("In

19   California, claims that police officers used excessive force in the course of an arrest, investigatory

20   stop or other seizure of a free citizen are analyzed under the reasonableness standard of the Fourth

21

_____

22   [2] Under Cal. Gov't Code § 815.2(a), the City may be held liable for the actions of individual City
     police officers so long as those actions occurred within the scope of the officers' employment.
23   Cal. Gov't Code § 815.2(a). Thus, in Doty's complaint, Doty asserts all of her state law claims
     against both individual City police officers and against the City. However, under Cal. Gov't Code
24   § 815.2(b), "a public entity is not liable for an injury resulting from an act or omission of an
     employee of the public entity where the employee is immune from liability." Cal. Gov't Code §
25   815.2(b). Thus, if the individual officers are not liable, then the City cannot be liable. For
     purposes of simplicity, the Court shall analyze only Doty's claims against the individual City
26   police officers. As the Court shall explain, all of these claims are unavailing. By extension,
     Doty's corresponding claims against the City must also be unavailing.

27   Case No. 14-CV-03739-LHK
     ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, DENYING PLAINTIFF'S
28   MOTION TO WITHDRAW, AND DENYING PLAINTIFF'S REQUEST FOR LEAVE TO AMEND

United States District Court
Northern District of California

1    Amendment to the United States Constitution.") (internal quotation marks and alteration omitted).

2    As the Court has already determined, City police officers did not use unreasonable force against

3    Doty on June 18, 2013.  Accordingly, Defendant's motion for summary judgment on Doty's

4    battery claim is granted.

5                        **e.  False Imprisonment (State Law)**

6            Doty's false imprisonment claim is similarly unavailing.  According to Doty, "Defendants

7    illegally caused the Plaintiff to be restrained and confined within a bounded area without her

8    consent by having her involuntarily committed to a mental hospital without . . . probable cause."

9    Compl. ¶ 39.  However, Cal. Welf. & Inst. Code § 5278 expressly provides that "[i]ndividuals

10   authorized . . . to detain a person for 72-hour treatment and evaluation pursuant to . . . Section

11   5150 . . . shall not be held either criminally or civilly liable for exercising this authority in

12   accordance with the law."  Cal. Welf. & Inst. Code § 5278.  As the California Court of Appeal has

13   explained, "section 5278 means precisely what it says it means": civil liability "for false

14   imprisonment . . .  is precluded insofar as the detention is 'in accordance with the law.'"  *Heater v.*

15   *Southwood Psychiatric Ctr.*, 49 Cal. Rptr. 2d 880, 889 (Cal. Ct. App. 1996).  In the instant case,

16   Santa Clara City police officers properly exercised their authority to place Doty under a temporary

17   hold pursuant to § 5150.  Consonant with Cal. Welf. & Inst. Code § 5278 and the case law

18   interpreting this provision, these City police officers cannot be held liable for false imprisonment

19   under state law.

20                        **e.  Negligence (State Law)**

21           Finally, with respect to the June 18, 2013 incident, Doty asserts that "Defendants owed

22   [her] a duty of care not to cause the Plaintiff physical harm, or to cause her to be confined without

23   her consent to a psychiatric center for evaluation without probable cause."  Compl. ¶ 36.  This

24   claim lacks merit.  On the issue of physical harm, Doty has admitted that she was not physically

25   harmed by City police officers during the June 18, 2013 incident.  Doty Admissions at 3.

26   Moreover, Doty has produced no evidence of physical injury.  On the issue of Doty's

27                                                    15

Case No. 14-CV-03739-LHK

28   ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, DENYING PLAINTIFF'S
MOTION TO WITHDRAW, AND DENYING PLAINTIFF'S REQUEST FOR LEAVE TO AMEND

United States District Court
Northern District of California

1    confinement, the Court has explained that City police officers acted within their authority under

2    Cal. Welf. & Inst. Code §§ 5150 and 5278.  Thus, because the undisputed facts demonstrate that

3    Doty was not physically injured and that City police officers acted with probable cause, Doty's

4    negligence claim fails.

5              **2.  December 31, 2013 Incident**

6              With respect to the December 31, 2013 incident, where Doty was given a citation for

7    making false statements to City police officers, Doty alleges that her Fourth Amendment rights "to

8    be free from false arrest" and "to be free from illegal searches and seizures of her property" were

9    violated.  Compl. ¶ 24.  Doty asserts corresponding claims for *Monell* liability against the City.

10   *Id.* ¶¶ 25–32.  Third, Duty asserts state law causes of action for false imprisonment and illegal

11   search and seizure.  The Court addresses these claims in turn.

12             **a.  False Arrest (§ 1983)**

13             "A claim for unlawful arrest is cognizable under § 1983 as a violation of the Fourth

14   Amendment, provided the arrest was without probable cause or other justification."  *Lacey v.*

15   *Maricopa Cnty.*, 693 F.3d 896, 918 (9th Cir. 2012).  "Probable cause exists when there is a fair

16   probability or substantial chance of criminal activity."  *Id.*  "It is well-settled that the

17   determination of probable cause is based upon the totality of the circumstances known to the

18   officers at the time of the search."  *Id.* (internal quotation marks omitted).  The existence of

19   probable cause is a defense to a false arrest claim under § 1983.  *Id.*

20             In the instant action, City police officers issued a misdemeanor citation to Doty for

21   violating Cal. Penal Code § 148.5, which provides that "[e]very person who reports to any peace

22   officer . . . that a felony or misdemeanor has been committed, knowing the report to be false, is

23   guilty of a misdemeanor."  Several facts support the City police officers' decision to issue this

24   citation.  First, a City police officer in Doty's neighborhood had observed that no illicit

25   construction had occurred prior to, during, and after Doty's call to police.  Second, prior to the

26   incident in question, City police officers interviewed Doty's neighbor and learned that "no matter

27                                            16
     Case No. 14-CV-03739-LHK
28   ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, DENYING PLAINTIFF'S
     MOTION TO WITHDRAW, AND DENYING PLAINTIFF'S REQUEST FOR LEAVE TO AMEND

United States District Court
Northern District of California

1    what [the neighbor] did on the property, however silent, Doty would call police if [the neighbor]

2    was physically present beyond typical construction hours." Fitting Police Report at 5.  Third,

3    Doty has admitted that she provided false statements to police during the December 31, 2013

4    incident.  Doty Admissions at 4.  Considered together, these facts cross the threshold necessary to

5    satisfy a showing of probable cause.  Thus, because the City police officers acted with probable

6    cause, Doty cannot prevail on her false arrest claim under § 1983.

7                                    **b.  Illegal Search and Seizure (§ 1983)**

8              According to Doty, after City police officers informed Doty that she would receive a

9    misdemeanor citation, the officers proceeded to "conduct[] a search of the contents of her cell

10   phone without her consent and without a search warrant," in violation of Doty's Fourth

11   Amendment rights.  Compl. ¶ 24.  In response, the City contends that no search occurred and that,

12   if a search did occur, Doty provided her consent to the search.  *See* MSJ at 19; *see also United*

13   *States v. Russell*, 664 F.3d 1279, 1281 (9th Cir. 2012) ("It is well-established that consent is a

14   recognized exception to the Fourth Amendment's protection against unreasonable searches and

15   seizures.").

16             Several facts support the City's position.  First, police reports from the incident indicate

17   that Doty requested City police officers to use Doty's cell phone to contact Doty's attorney.

18   Fitting Police Report at 7–8.  Second, contemporaneous audio and video recordings taken from the

19   incident reveal that Doty consented to the City police officers' use of her cell phone.  ECF No. 32-

20   14 (Exhs. K & L).  There is no indication, based on these audio and video recordings, that Doty

21   withheld her consent.  *Id.*  Third, Doty has admitted that she gave City police officers "consent to

22   review [her] phone on December 31, 2013."  Doty Admissions at 3.  Although these admissions

23   conflict with some of the statements in Doty's own declaration, *see, e.g.* Doty Decl. ¶ 23, the

24   admissions govern.  *Hologic*, 2009 WL 8760730, *6 ("[A] matter [deemed admitted] 'cannot be

25   overcome at the summary judgment stage by contradictory affidavit testimony or other evidence in

26   the summary judgment record.'").  Accordingly, the Court finds that Doty consented to the City

27                                                        17
     Case No. 14-CV-03739-LHK

28   ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, DENYING PLAINTIFF'S
     MOTION TO WITHDRAW, AND DENYING PLAINTIFF'S REQUEST FOR LEAVE TO AMEND

United States District Court
Northern District of California

1    police officers' use of her cell phone, and that Doty was not subject to an unreasonable search and

2    seizure in violation of the Fourth Amendment.

3                           **c.  *Monell* (§ 1983)**

4            As above, because the individual City police officers did not violate Doty's Fourth

5    Amendment rights during the December 31, 2013 incident, Doty's *Monell* claims cannot survive

6    summary judgment.

7                        **d.  False Imprisonment (State Law)**

8            Doty's false imprisonment claim, asserted under state law, is also unavailing.  Under

9    California law, a law enforcement officer is not liable for false arrest "where the officer, acting

10   within the scope of his or her authority, either (1) effects a lawful arrest or (2) has reasonable

11   cause to believe the arrest is lawful."  *Galvin v. Hay*, 374 F.3d 739, 758 (9th Cir. 2004).  City

12   police officers here effectuated a lawful arrest: these officers acted with probable cause in issuing

13   a misdemeanor citation to Doty for making false statements, and Doty has admitted that she

14   provided false statements to police.  Doty cannot, therefore, prevail on her false imprisonment

15   claim.

16                     **e.  Illegal Search and Seizure (State Law)**

17           Finally, Doty contends that City police officers violated her "right under the California

18   Constitution Article I Section 13, to be free from illegal searches and seizures of her property

19   when they conducted a search of the contents of her cell phone without her consent."  Compl. ¶

20   43.  Because "Article I, Section 13 of the California Constitution . . . contains language virtually

21   identical to that of the Fourth Amendment," the Ninth Circuit has held that Article I, Section 13

22   provides the same protection against searches and seizures as that provided under the Fourth

23   Amendment.  *Lyall v. City of Los Angeles*, 2015 WL 7873413, *5 n.7 (9th Cir. Dec. 4, 2015)

24   (quoting *Sanchez v. Cnty. of San Diego*, 464 F.3d 916, 928–29 (9th Cir. 2006)).  Accordingly,

25   consonant with the Court's finding with respect to Doty's Fourth Amendment search and seizure

26   claim, the Court finds that Doty cannot, as a matter of law, prevail on Doty's Article I, Section 13

27                                                    18
     Case No. 14-CV-03739-LHK

28   ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, DENYING PLAINTIFF'S
     MOTION TO WITHDRAW, AND DENYING PLAINTIFF'S REQUEST FOR LEAVE TO AMEND

*United States District Court*
*Northern District of California*

1    claim.

2         To conclude, Doty has failed to demonstrate that Defendant or police officers employed by

3    Defendant violated federal or state law during either the June 18, 2013 incident or the December

4    31, 2013 incident.  The Court therefore GRANTS Defendant's motion for summary judgment in

5    its entirety.

6    **C.  Leave to Amend**

7         As a final matter, in Doty's opposition to Defendant's motion for summary judgment, Doty

8    requests leave to amend the complaint in order to substitute the true names of the Doe Officers.

9    MSJ Opp'n at 14.  Although Doty concedes that "it is obvious that Plaintiff's counsel mistakenly

10   failed to amend the complaint to substitute the three officers' names for the DOE defendants

11   relating to the City Hall incident, this mistake does not amount to bad faith, prejudice to the

12   opposing party, or unjust delay." *Id.* at 15–16.

13        The Court denies Doty's request for leave to amend for two reasons.  First, Doty's request

14   is procedurally improper.  Under Civil Local Rules 7-1(a) and 7-2(a), Doty's request should have

15   been filed as a separate motion before the Court, not included in a brief in opposition to

16   Defendant's motion for summary judgment.  *See* Civil L.R. 7-1(a)(1) ("Any written request to the

17   Court for an order must be presented by . . . [a] [d]uly noticed motion [filed] pursuant to Civil L.R.

18   7-2."); Civil L.R. 7-2(a) ("[A]ll motions must be filed, served and noticed in writing on the motion

19   calendar of the assigned Judge for hearing not less than 35 days after filing of the motion.").

20        Second, even if the Court were to address Doty's request on the merits, the Court would

21   deny Doty's request.  Generally, leave to amend shall be denied if allowing amendment would

22   unduly prejudice the opposing party, cause undue delay, or be futile, or if the moving party has

23   acted in bad faith.  At the February 25, 2015 case management conference, the Court set May 15,

24   2015 as the deadline to file a motion to amend or add parties.  ECF No. 14 at 1.  Doty's request for

25   leave to amend was made on November 19, 2015, more than six months after this deadline.

26   Allowing Doty to amend the complaint now would therefore cause undue delay to the resolution

27                                        19

Case No. 14-CV-03739-LHK

28   ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, DENYING PLAINTIFF'S
     MOTION TO WITHDRAW, AND DENYING PLAINTIFF'S REQUEST FOR LEAVE TO AMEND

United States District Court
Northern District of California

1    of this case.

2          In addition, providing Doty leave to amend would result in undue prejudice to Defendant.

3    At this point, fact and expert discovery have closed and the deadline to file a dispositive motion

4    has passed.  The final pretrial conference, set for February 18, 2016, is only two months away.

5    Trial is set to begin on March 4, 2016.  In light of these circumstances, Defendant would be

6    unduly prejudiced if Doty were granted leave to amend the complaint now.

7          Finally, granting leave to amend would be futile.  As the Court has determined, the City

8    police officers involved in the June 18, 2013 and December 13, 2013 incidents did not violate

9    federal or state law in their handling of these incidents.  Granting Doty leave to amend the

10   complaint "to substitute three officers' names for the DOE defendants," MSJ Opp'n at 15, would

11   not change the fact that these officers did not violate federal or state law.  Thus, amendment would

12   be futile.

13         Accordingly, because Doty's request for leave to amend is procedurally improper and

14   because granting leave to amend would result in undue prejudice to Defendant, would cause undue

15   delay to the resolution of this action, and would be futile, the Court DENIES Doty's request for

16   leave to amend.

**IV.    CONCLUSION**

18         For the foregoing reasons, Plaintiff's motion to withdraw Plaintiff's admissions is

19   DENIED.  Plaintiff's request for leave to amend the complaint is likewise DENIED.  Defendant's

20   motion for summary judgment is GRANTED.  The Clerk shall close the file.

21   **IT IS SO ORDERED.**

22   Dated:  December 16, 2015

23   _____

     LUCY H. KOH
24   United States District Judge

25

26

27                                              20

     Case No. 14-CV-03739-LHK
28   ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, DENYING PLAINTIFF'S
     MOTION TO WITHDRAW, AND DENYING PLAINTIFF'S REQUEST FOR LEAVE TO AMEND

United States District Court
Northern District of California